**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

UNITED STATES, for the use of INTERSTATE ELECTRICAL SERVICES CORP. and INTERSTATE ELECTRICAL SERVICES CORP.

Plaintiffs,

v.

WHITE & CARR, INC. and THE HANOVER INSURANCE COMPANY, INC.,

Defendants.

[redacted] 05 426 T

Civil Action No. ________

## COMPLAINT

### Introduction

This is an action commenced by the United States, pursuant to 40 U.S.C. § 3133(b)(1), for the use of Interstate Electrical Services Corp. ("IES"), and for its Complaint against Defendants, White & Carr, Inc. ("W&C") and The Hanover Insurance Company, Inc. ("Hanover"). IES also brings a common law claim against W&C for breach of contract.

### The Parties

1. The Plaintiff, Interstate Electrical Services Corp., is a Massachusetts corporation with its principal offices at 70 Treble Cove Road in Billerica, Massachusetts 01862.

2. The Defendant, White & Carr, Inc., is a New York corporation with its principal offices at 11 Broadway, Suite 1101 in New York, New York 10004.

3. The Defendant, The Hanover Insurance Company, Inc., is a Massachusetts corporation with its principal offices at 100 North Parkway in Worcester, Massachusetts 01605.

**Jurisdiction and Venue**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over the Plaintiff's claim brought under the auspices of the Miller Act. 40 U.S.C. §§ 3131 et. seq., in which Plaintiff is seeking the unpaid balance of an electrical subcontract from W&C and Hanover.

5. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Plaintiff's breach of contract and quantum meruit common law claims.

6. Venue is appropriate in the United States District Court for the District of Rhode Island, sitting in Providence, Rhode Island, pursuant to 40 U.S.C. § 3133(b)(3)(B), because the primary contract and the Contract have been performed in Rhode Island.

**Facts**

7. W&C was the general contractor on a construction project undertaken on behalf of the United States Department of the Interior, Fish and Wildlife Services for the construction of an Administration/Visitor Facility at the Rhode Island National Wildlife Refuge Complex in Charlestown, Rhode Island (the "Project"). W&C contracted with various subcontractors, including IES, to supply materials and labor on the project.

8. On August 29, 2003, W&C entered into a subcontract with IES to perform all electrical construction as outlined in the contract drawings and specifications prepared by the Architect (the "Contract"). The original amount of the Contract was $270,000.00. (A copy of the Contract is attached hereto as Exhibit "1").

9. According to the August 25, 2003, work schedule ("August Schedule"), IES was to begin its work on September 8, 2003, and was to complete its work on February 20, 2004. (A copy of the August Schedule is attached hereto as Exhibit "2"). In an updated schedule, IES was to complete its work on July 30, 2004. (A copy of the updated schedule is attached hereto as Exhibit "3").

10. In accordance with the Miller Act, Hanover issued a payment bond, dated August 7, 2003, on behalf of W&C, naming the United State of America as obligee and covering the work undertaken by W&C on the Project (the "Bond"). The payment bond was in the amount of $2,458,000.00. (A copy of the Bond is attached hereto as Exhibit "4").

11. On numerous occasions the Plaintiff was delayed in performing its work as a result of the action or inaction by W&C, its agents or employees.

12. The contract between IES and W&C required W&C to pay for delay damages and related damages due IES on the Project.

## Causes of Action

### Count I
### (Miller Act)

13. The Plaintiff realleges and incorporates by reference herein paragraphs 1-12 above.

14. By reason of IES' furnishing of materials and services under its Contract with W&C, IES is a person protected by 40 U.S.C. §§ 3131, 3133 (the Miller Act).

15. IES last performed labor or furnished materials under its Contract with W&C on or about February 18, 2005, more than 90 days, but less than one year, prior to the filing of this Complaint.

16. IES is entitled to recover the amount of $157,231.87 for delay and related damages. IES has met all conditions precedent for its claim under the Bond.

**Count II**

**(Breach of Contract)**

17. IES alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 16.

18. The Contract entered into between IES and W&C required W&C to pay IES for services rendered and materials supplied. IES performed as required by the Contract. The Defendant, W&C, breached its contractual obligations by failing, refusing, or neglecting to pay the monies owed IES pursuant to the Contract. W&C, therefore, breached its contractual obligations and, as a result thereof, the Plaintiff suffered damages.

19. The Contract between IES and W&C requires W&C to pay for damages due to IES for delay of the Project which damages are in the amount of $157,231.87, plus interest.

WHEREFORE, the Plaintiffs prays for the following:

1. Under Count I, Interstate Electrical Services Corp. prays for the Court to enter judgment against The Hanover Insurance Company, Inc. and White & Carr, Inc. and require The Hanover Insurance Company, Inc. to pay it $157,231.87 plus interest at the legal rate, costs, and attorney's fees from White & Carr, Inc.'s payment bond in order to satisfy those amounts owed to Interstate Electrical Services Corp. under its Contract with White & Carr, Inc;

2. Under Count II, Interstate Electrical Services Corp. prays for the Court to enter judgment against White & Carr, Inc. in the amount of $157,231.87 for monies owed pursuant to

the Contract and damages due Interstate Electrical Services Corp. for delay of the Project by White & Carr, plus interest at the legal rate, costs, and attorney's fees;

3. Such other relief this Court deems just and proper.

Respectfully submitted,
**INTERSTATE ELECTRICAL SERVICES CORP.**
By its attorneys,

**Christopher C. Whitney (# 3261 )**
**Little Medeiros Kinder Bulman & Whitney PC**
**72 Pine Street**
**Providence, RI 02903**

**Of Counsel**

James L. Rudolph (BBO#433580)
James S. Singer (BBO# 464560)
Rudolph Friedmann LLP
92 State Street
Boston, Massachusetts 02109
617.723.7700 (t)
617.227-0313 (f)

DATED: October 6, 2005