UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES, for the use of INTERSTATE ELECTRICAL SERVICES CORP. and INTERSTATE ELECTRICAL SERVICES CORP., Plaintiff, | ) | |
| v. | ) | Civil Action No.: 05-426-T |
| WHITE & CARR INC. and THE HANOVER INSURANCE COMPANY, Defendant. | ) | |

**ANSWER OF THE DEFENDANT, THE HANOVER INSURANCE COMPANY, INC., TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

The defendant, the Hanover Insurance Company ("Hanover"), hereby responds to the Plaintiff's First Amended Complaint (the "Amended Complaint") as follows.

**Introduction**

The Introduction contains no allegations to which a response is required and, therefore, Hanover offers no response.

**The Parties**

1. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

2. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3. Hanover denies the allegations set forth in paragraph 3 of the Amended Complaint.

**Jurisdiction and Venue**

4. Hanover states that the allegations set forth in paragraph 4 of the Amended Complaint constitute legal argument to which no response is required.

5. Hanover states that the allegations set forth in paragraph 5 of the Amended Complaint constitute legal argument to which no response is required.

6. Hanover states that the allegations set forth in paragraph 6 of the Amended Complaint constitute legal argument to which no response is required.

**Facts**

7. Hanover admits the allegations set forth in paragraph 7 of the Amended Complaint.

8. Hanover admits that W&C entered into a subcontract with IES in connection with the Project. Hanover admits that a copy of the subcontract is attached to the Amended Complaint as Exhibit 1 but Hanover states that the final five (5) pages of Exhibit 1 are not part of the subcontract. Hanover denies the remaining allegations set forth in paragraph 8 of the Amended Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the subcontract.

9. Hanover states that the August Schedule and the July 30, 2004 Schedule speak for themselves and Hanover denies the allegations set forth in paragraph 9 of the Amended Complaint to the extent that they contradict, misstate, mischaracterize and/or otherwise go beyond the language and terms of the schedules.

10. Hanover states that IES is not entitled to any further monies in connection with the Project.

11. Hanover admits that it issued Payment Bond 1701069 in connection with the Project. Hanover denies the remaining allegations set forth in paragraph 11 of the Amended Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the Payment Bond.

**Causes of Action**

**Count I**
**(Miller Act)**

12. Hanover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 11 of the Amended Complaint as if set forth fully herein.

13. Hanover denies the allegations set forth in paragraph 13 of the Amended Complaint.

14. Hanover denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. Hanover denies the allegations set forth in paragraph 15 of the Amended Complaint.

16. Hanover denies the allegations set forth in paragraph 16 of the Amended Complaint.

**Count II**
**(Breach of Contract)**

17. Hanover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 16 of the Amended Complaint as if set forth fully herein.

18. Hanover states that the subcontract speaks for itself and Hanover denies the remaining allegations set forth in paragraph 18 of the Amended Complaint to the extent that they

contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the subcontract.

19. Hanover denies the allegations set forth in paragraph 19 of the Amended Complaint.

20. Hanover denies the allegations set forth in paragraph 20 of the Amended Complaint.

21. Hanover denies the allegations set forth in paragraph 21 of the Amended Complaint.

22. Hanover denies the allegations set forth in paragraph 22 of the Amended Complaint.

**Count III**
**(Quantum Meruit)**

23. Hanover repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1 through 22 of the Amended Complaint as if set forth fully herein.

24. Hanover denies the allegations set forth in paragraph 24 of the Amended Complaint.

25. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint.

26. Hanover denies the allegations set forth in paragraph 26 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a cause of action against Hanover upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims set forth in the Amended Complaint may be barred because of the failure of the plaintiff to comply with the terms and requirements of the payment bond.

**THIRD AFFIRMATIVE DEFENSE**

The claims set forth in the Amended Complaint may be barred by the doctrines of waiver and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The claims set forth in the Amended Complaint may be barred because the damages the plaintiff seeks to recover may have been caused, in whole or in part, by the plaintiff's own acts and/or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Amended Complaint may be barred to the extent that the plaintiff seeks to recover for work the plaintiff performed for the owner of the Project (as opposed to work performed for W&C).

**SIXTH AFFIRMATIVE DEFENSE**

The claims asserted in the Amended Complaint may be barred because of the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

The Amended Complaint may be barred as a result of the prejudice to Hanover resulting from the untimely notification of plaintiff's claim against the payment bond.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims asserted in the Amended Complaint may be barred because of the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to satisfy the conditions precedent as set forth in the payment bond.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff may have failed to satisfy the conditions precedent as set forth in the bonded contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

Hanover incorporates by reference all affirmative defenses asserted or which could have been asserted by its principal, W&C, in response to this Amended Complaint.

WHEREFORE, Hanover requests that this Court dismiss the Amended Complaint and award Hanover its attorney's fees, costs and such other relief as this Court deems just.

Respectfully submitted:

THE HANOVER INSURANCE COMPANY
By its attorney,

/s/ Jennifer Whelan

Jennifer Whelan, Bar ID #6952
CETRULO & CAPONE, LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
(401) 274-9670 (fax)

Dated: April 4, 2007

**CERTIFICATE OF SERVICE**

I, Jennifer Whelan, hereby certify that I have, on this 4th day of April, 2007, filed a copy of the within document in accordance with the ECF requirements for the Federal District Court for the District of Rhode Island and, consequently, served a copy of the within document upon all counsel of record who have requested such ECF service.

/s/ Jennifer Whelan
Jennifer Whelan